THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MORELLI,

Plaintiff,

v.

STATE OF WASHINGTON CIVIL PROSECUTOR, *et al.*,

Defendants.

CASE NO. C26-2265-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Rule 8 provides that a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8. In addition, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Moreover, the Court must dismiss a complaint if it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R.

Civ. P. 12(h)(3). Subject matter jurisdiction (for the controversy at hand) can be based on diversity of citizenship or the presentation of a federal question. *See, e.g.*, *Tucker-Meuse v. Field*, 2022 WL 706527, slip op. at 2 (D. Haw. 2022). Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. And federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331.

On August 5, 2026, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 6.) Plaintiff's complaint (Dkt. No. 7) was entered shortly thereafter. It fails to state the basis for this Court's jurisdiction, (*see id.* at 3), fails to articulate the causes of action it asserts (*id.* at 4), and fails to allege facts supporting claims establishing this Court's jurisdiction. (*See generally id.*) Any and all warrant dismissal of this case.[1] However, the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is perhaps conceivable that Plaintiff could adequately plead this Court's jurisdiction and the claims at issue.

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days of the date of this order. If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court will dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B). Further leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Unresponsiveness to this order to show cause would demonstrate an inability to effectively plead this Court's jurisdiction and/or a colorable claim.

---

[1] To be clear, lack of subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)

The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 5th day of August 2026.

Joshua C. Lewis
Clerk of Court

s/Kathleen Albert
Deputy Clerk